Nathaniel T. Helman, J.
Petitioner Bankers Trust Company as trustee seeks a secondary intermediate accounting and a construction of a trust agreement executed by David W. Rust on August 15, 1934. Since the donor, David W. Rust, died on March 9, 1962, the problems presented herein are complicated by the operation of the estate tax provisions of the Federal law.
Decedent left a probate estate of approximately $600,000. In addition, the inter vivos trust involved herein, which is necessarily included in his taxable estate, since he was income beneficiary, has a value of $1,400,000. (The sums given are before taxes.) All of the probate estate passes to the widow and qualifies for the Federal estate tax marital deduction.
The construction sought raises two principal questions: (1) should a share of the Federal estate tax be charged to the probate estate; (2) should the probate estate be reimbursed for the tax on capital gains generated by the trust (which taxes, *304 because of an Internal Revenue Service ruling, were charged to the decedent personally). In the past the decedent had paid these taxes, and was reimbursed by the trustee of the inter vivos trust. A problem arises for the year in question because decedent died a few weeks before the due date of the Federal income tax return and before the trustee had made the usual reimbursement. The capital gains involved were not paid to the grantor; although charged to him for tax purposes they remained part of the trust principal.
All of the widow’s share of decedent’s estate qualifies for the Federal estate tax marital deduction. The trust itself will continue for the benefit of decedent’s descendants. If the answer to the first question raised is affirmative, i.e., if the probate estate must bear a portion of the estate tax, then the marital deduction will be reduced and the estate tax will be increased. Similarly, if the second question is determined negatively, in that the trust would not be required to reimburse the estate for the capital gains tax paid (about $60,000), the probate estate will be smaller and so will the marital deduction and the estate tax would accordingly be increased. Fortunately for the widow at least, a determination which allows for a better tax result as to both issues seems to be required.
The executor urges that both the Michigan and New York statutes support the right of the widow to take her share of the estate free of the burden of any proportionate assessment for Federal estate taxes. This contention may well have merit but it would only be necessary to consider this question if the settlor’s intention was not clearly expressed in the trust itself.
The trust agreement provides that “ any inheritance, succession or estate taxes or duties which may be imposed on account of the property held in trust hereunder upon the death of the settlor, shall be paid from the property then held in trust hereunder ”. The decedent’s gross estate for Federal tax purposes includes both the principal of the inter vivos trust and his probate estate. However, the entire probate estate (except for a $1,000 legacy) passes to the widow and is completely exempt from the Federal estate tax since it is substantially less than one half the adjusted gross estate. Since that portion of the gross estate is not subject to estate taxes, and since the Federal estate tax is imposed only “ on account of the property held in trust ’ ’, as described in the trust indenture, the tax, under the clear mandate of the agreement, must be paid from that fund.
The second issue concerns the question of whether the executor of decedent’s estate should be reimbursed for the amount expended in payment of a capital gains tax imposed on the *305 decedent for the year 1961, on account of capital gains which accrued to the benefit of the trust but which were taxable directly to the decedent, since he was the income beneficiary thereunder. Under a trust provision which authorized the trustee to invade principal for the benefit of the decedent settlor in the event of “ emergency or unusual financial or other distress ”, the trustee had customarily invaded the trust principal each year in order to give or reimburse the decedent the funds required to pay the tax on the capital gains which the trust realized. Presumably, this was done on the ground that the ruling of Internal Revenue Service requiring the decedent to be personally liable for gains that he did not enjoy, constitutes an occasion of “financial distress”. (At the time of the year that this is written, mid-April, one can easily agree with the trustee’s conclusion.)
The special guardian appointed for the remainder of the trust (minor children of the secondary life income beneficiaries of said trust) urges that the trust agreement permits invasion only for the benefit of the settlor, but not for his executor. Parenthetically, it may be noted, that none of the decedent’s children, who are the secondary life beneficiaries of the trust, appeared in this proceeding to oppose the contention that the trust is required to reimburse the executor. The special guardian’s position is unjustified and would lead to an inequitable result. The liability for the tax was fixed. The accident that the decedent died a few weeks before the tax return was required to be filed (but after the tax year in question) and before the trustee had turned over to him the amount involved as had been the custom, should not affect the obligation of the trustee to invade the principal on the decedent’s behalf.
In Matter of Snow (N. Y. L. J., Jan. 7, 1965, p. 16, col. 2) Surrogate Di Falco had an analogous issue before him. In that situation the trustee had been authorized to invade for the benefit of the income beneficiary to the extent that the trust income was insufficient therefor. Following the established procedure, the trustee was requested, in February, 1962, to make payment to reimburse the beneficiary (the widow of the settlor) for expenses in excess of the 1961 income she received. The widow died before the trustee acted on the request. The Surrogate ruled that the payment had to be made to the widow’s estate. The beneficiary’s death before the actual act of reimbursement did not relieve the trustee from complying with the direction in the trust.
Similarly, in this case, reimbursement should be made to the decedent’s executors, with interest, from the time payment of the tax was made by them.
*306 With respect to the last point raised by the petitioner, that is, the question of the trust obligation, if any, to pay the Michigan inheritance tax due because of the decedent’s death, the situation is somewhat different from the Federal, in that Michigan provides for no marital deduction. Therefore, the share of the estate passing to the widow must contribute to the payment of such tax according to value, and in like meaning the trust must contribute the amount of such tax from each of the beneficiaries’ shares passing under the trust.